Matthew M. Levy, J.
This is a motion by certain defendants to dismiss the complaint in a stockholder’s derivative action brought on behalf of MacMillan Ring-Free Oil Co., Inc.
In companion motions heretofore granted, three of the four stockholders who brought the action applied for substitution of attorneys and requested leave to withdraw from the suit. In a later motion, the present movants applied to open the record herein so as to receive, in support of the motion to dismiss, an additional affidavit and exhibits, and for further relief. That application was granted to the extent of including the added material.
The instant motion is an unusual one, and no authority is cited by counsel or has been found by me upon which it may be grounded. No contention is presented that the plaintiff fails to state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4) or that the complaint is defective in any way (Rules Civ. Prac., rules 102, 103). No question of jurisdiction over the person (Civ. Prac. Act, § 237-a) or the subject matter of the action (Rules Civ. Prac., rule 106, subd. 1; rule 107, subd. 1) is projected. This is not a motion for summary judgment (Rules Civ. Prac., rule 113). It is not an application for judgment on the pleadings (Rules Civ. Prac., rule 112). Indeed, the defendants have not yet served their answers to the complaint.
What the moving defendants seek to do is to call a halt at the threshold of the action, not on the basis of any normal objection thereto but on the ground that the suit was allegedly *526 instigated by, and has been,, and now. is .being controlled and financed by, outside, parties- who, .it' is said, have no legitimate interest in the corporation, and no status to institute a stockholder’s derivative action, and are allegedly seeking by means of this action to further ulterior objectives of their own and to seize control of the corporation, and that the institution and prosecution of this suit therefore constitutes a fraud upon the court and that the jurisdiction and process of the court are through this action being unlawfully abused.
It is now an undisputed fact that the plaintiff Dona van has made clear his intention to remain in the suit as a plaintiff. And there is no dispute that he was a stockholder at the times of the wrongs complained of and at the time of the institution of the action and that he is a stockholder at the present time. There is no doubt that, in the circumstances, he is an appropriate plaintiff (Sorin v. Shahmoon Ind., 30 Misc 2d 408, 426). That being so, I cannot in the instant case, any more than could the court in Young v. Higbee Co. (324 U. S. 204, 214), “ sustain the contention that relief should be denied on the allegations that Young’s motive in bringing the proceeding is an unworthy one. His petition sought relief for the benefit of all the stockholders. The rights of these stockholders are not to be ignored because of some motive attributable to Young ”. Similarly, here, as in the case of Budín, the plaintiff’s ‘ ‘ motive in bringing the suit and asserting Ms equitable rights, affords no ground for refusing to hear and decide the case * * *. [The] dismissal of the bill, without passing on the merits of the controversy, was error ” (Johnson v. King-Richardson Co., 36 F. 2d 675, 677-678). “ Becovery is sought, in part at least, for the benefit of the corporation, and the good faith of the particular plaintiff is immaterial” (Botein, J., in Mottola v. Rolandelli, Supreme Court, N. Y. County, Special Term, Part III, N. Y. L. J., June 30, 1948, p. 2430, col. 2).
It is the defendants’ position — in response to the foregoing principles, well established in the law — that their attack is not grounded upon the claim that the plaintiff’s personal motive is bad, but rather that he is an unknowing dummy, a senile tool, of others who have no genuine interest in the plaintiff or the corporation and who, with malice, seek by this suit to harm the corporation, and should therefore not be permitted, through the plaintiff, to use the processes of the court for that purpose. The movants point out — quoting what the Appellate Division recently said in another connection, in Kaufman v. Wolfson (1 A D 2d 555, 556) — that the “ decisional law and statutes *527 relating to stockholders’ suits are still in the process of evolving a somewhat plastic formula, designed to protect the corporation both against the" faults of those in control and against needless and oppressive lawsuits ”, and they eloquently argue that the instant “ action presents to this court a prime opportunity to further the evolution of that formula by demonstrating that no one may victimize the corporation and abuse and pervert the processes, jurisdiction and dignity of this court of equity in a manner so clearly shown to have happened here
I have considerable difficulty in going along with the defendants’ contention.
Firstly, I apprehend that the movants — following the example of Louis XIV of France: “L’Etat e’est moi!” — are too rigidly identifying their own personalties with that of the corporation. Indeed, each of the cases cited by them as holding that an action cannot lie where a stockholder’s derivative suit is instigated, financed and controlled by persons not parties and who are acting for purposes other than that of benefiting the plaintiff stockholders or the corporation, involves an instance where competitor of the subject company was behind the suit, or where provisional remedy, such as injunction or a receivership, was sought in the suit — that is, where the corporation was the direct target of the protagonists of the action. Thus, in Forrest v. Manchester, Sheffield & Lincolnshire Ry. Co. (4 DeG. F. & J. [Eng. Ch. 1861] 126) and in Beshoar v. Chappell (6 Colo. App. 323) a rival company instigated the suit. In Belmont v. Erie Ry. Co. (52 Barb. [N. Y. Supreme Ct., 1869] 637) and in Waterbury v. Merchants’ Union Express Co. (50 Barb. [N. Y. Supreme Ct., 1867] 157) a receivership was sought by the nominal plaintiff. In Breeze v. Lone Pine-Surprise Cons. Min. Co. (39 Wash. 602) plaintiff sought to have a receiver appointed in the interest of antagonistic parties for whom plaintiff was acting as trustee. In Camblos v. Philadelphia & R. R. Co. (4 Fed. Cas. 1089) a preliminary injunction was sought.
In Hodge v. United States Steel Corp. (64 N. J. Eq. 111), also relied upon by the defendants, the action was not a representative suit for the benefit of the stockholders of the corporation. Moreover, the court emphasizes (p. 115) the irrelevance of the motive of a plaintiff who pursues by action the enforcement of his legal rights, and points out (p. 113) that in the Forrest case (supra) those who controlled the suit were not interested as stockholders. That is not the fact in the present situation. The plaintiff and his principal backers are stockholders and were former officers of the corporation. That they are now engaged *528 in a proxy fight with the present president and principal individual defendants for control of the company, is not a basis for a finding that the suit was brought to injure the company.
Secondly, it is not possible on the papers before me — even as supplemented by the moving defendants in pursuance of the permission heretofore granted by me — to determine that what they allege as to sponsorship of the litigation, the acts and conduct in relation thereto, and the motives behind the suit are so clearly established as to warrant granting them the drastic relief they ask: dismissal of the suit before answer, without a trial. Many of the critical allegations are of hearsay quality, consist only of counsel’s interpretations of certain events and actions, include his characterizations of the individuals alleged to be behind the suit, and rely upon argument and conclusion.
Thirdly, if motives are to be the decisive element, the plaintiff has not remained silent on this issue; he has, in fact, taken the offensive. It may be, he says in effect, that the defendants’ true purpose in so vigorously pressing the instant application is to avoid coming to grips, in court, with the fiduciary responsibility of accounting to the corporation and the stockholders for the wrongs alleged in the complaint — of which there are here no denials. If so, that should be a countervailing factor to consider when weighing the equities at this posture of the litigation.
Taking all the facts and circumstances into account, it is my view that the motion must be, and it is, denied. The moving defendants are given leave to answer within 20 days after service of a copy of the order with notice of entry.